LIBORIO SÁNCHEZ, Plaintiff and Appellee, *v.* SUCESIÓN J. SERRALLÉS ET AL., Defendants and Appellants.

No. 7345. Argued March 24, 1938. Decided April 20, 1938.

*J. Valldejuli Rodríguez* for appellants. *Manuel A. Rivera* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

This is an action for damages brought by Liborio Sánchez, founded on the death of his minor daughter Rissalina. The complaint comprises two causes of action and it is alleged in the first count, among other facts, that in the afternoon of March 23, 1934, while Gerardo del Valle, in his capacity as

clerk and employee of Central Mercedita, while driving from Coamo to Juana Díaz a motorbus, plate number C–711 which belonged to said central, "without exercising proper care and without taking reasonable precautions for the safety of life and property, with manifest negligence and while drunk, driving exceedingly fast, without sounding the horn or giving any warning, on a straight stretch of road, left the middle of the road, unnecessarily, and struck with the right mudguard the child Rissalina . . . . . who was standing on the edge of the ditch in front of the house where the defendant lived, . . ." and died as a result thereof a few hours afterwards; that such killing caused him and his wife mental anguish and nervous disorders, which they assessed at $10,000. The second cause of action states in detail the specific damages amounting to $143.50 itemized as follows:

(*a*) To Dr. Guillermo Ortiz for first-aid treatment_____ $25. 00
(*b*) To Farmacia Betances _____._____ 3. 50
(*c*) Funeral, including cost of coffin_____ 40. 00
(*d*) Grave _____ 50. 00
(*e*) Automobile expenses and others incurred for wake___ 25. 00

$143. 50

The defendants in their answer specifically denied all the averments of the complaint, and as special defenses they reproduced the demurrer for lack of facts and blamed the plaintiff for having caused the accident because he allowed his daughter to cross the road during the traffic of vehicles.

The trial of the case lasted four days, and on October 2, 1935, the defendants were adjudged to pay severally to the plaintiff $3,000, together with costs, disbursements, and attorney's fees. The defendants appealed, and in their brief they have assigned five errors.

We will consider together the first three assignments, as they refer to the evidence and the weighing thereof by the trial judge. They read as follows:

"1.—That the judgment is contrary to the evidence adduced in the case, which was erroneously weighed by the court.

"2.—That the District Court of Ponce failed to hold that the plaintiff and his daughter, by their actions brought about the accident which has given rise to this suit.

"3.—That the court found against the defendants notwithstanding the statement from the court that co-defendant Gerardo del Valle was not drunk, upon which fact the present action hinges."

The lower court found proved the following facts taken from the opinion it delivered in the present case:

"From the admissions made at the hearing of the case and the evidence introduced by both sides, weighed as a whole, the court finds that the following facts have been satisfactorily proved:

"The plaintiff, Liborio Sánchez, is of age, married to Felícita Berly, and the legitime father of the child Rissalina, issue of said marriage.

"The defendant 'Sucesión J. Serrallés' is a civil, agricultural and industrial partnership which has its domicile and office in Central 'Mercedita', of Ponce. Gerardo del Valle, the other defendant, is also of age, a resident of Ponce and is now, and was at the time of the accident which gave rise to the present suit, an employee of Sucesión J. Serrallés.

"The defendant Sucesión J. Serrallés owns properties in Coamo and Aibonito, and Gerardo del Valle, a field assistant of said concern, was on a visit of inspection to said properties on March 23, 1934, when the accident occurred; and Gerardo del Valle always used an automobile of Central Mercedita in going to said properties. The car, license plate No. C–711, driven on the day of the accident by Gerardo del Valle, was at that time owned by Heirs of J. Serrallés.

"On March 23, 1934, at about 4.30 p. m., defendant Gerardo del Valle was returning from Aibonito to Central Mercedita in the course of his duties as field assistant and head of the cattle department of Sucesión J. Serrallés, driving the automobile license plate No. C–711 owned by the other defendant along the Central Highway. While driving along Kilometer .105 of said highway, exceedingly fast, without sounding his horn or any other warning signal, zig-zagging, defendant del Valle swerved from the middle of the road and ran over Rissalina Sánchez Berly, a minor, who was at that time on the right-hand side of the Coamo–Ponce road, fracturing the base of her skull and, her right thigh, and bruising on several places the body of the said Rissalina, who died between 7 and 8 o'clock

in the evening of the same day, as the result of the fracture of the base of her skull."

We have carefully read the transcript of the evidence consisting of 632 pages and the brief of the defendant's and appellants, which summarizes it and briefly comments thereon. Neither the one nor the other shows the errors assigned as having been committed by the trial judge. All that the case presents is a conflict in the evidence, the solution of which by the judge, who saw and heard the witnesses, must not be disturbed by us, unless there was manifest error in weighing the evidence, or passion, prejudice or bias had been shown. Far from the judge committing either of the errors assigned, his opinion was based on the evidence heard by him which amply supports his findings. In similar cases this court has always left undisturbed the conclusion reached by the lower court. See, among others, the cases of *Pietri* v. *Bacó*, 52 P.R.R. 78, and cases therein cited; *García* v. *Fernández*, 52 P.R.R. 176; *Bonilla* v. *Mitchel*, 51 P.R.R. 123; *López* v. *American Railroad Co. of P. R.*, 50 P.R.R., 1; *Rivera* v. *R. Ruiz & Co.*, 48 P.R.R. 829.

▮ The fourth assignment reads as follows:

"The amount granted in the judgment is excessive and improper."

In support of the above assignment the appellants cite five cases decided by this court in which the sum allowed did not exceed $2,000. Only two of them were cases of wrongful death. But even irrespective of this fact, the amount of damages allowed to a claimant depends on so many and varied circumstances that no specific case can be considered as a precedent which we are bound to follow in deciding subsequent cases. In this connection we would point out that in a recent case, *Ruberté* v. *American Railroad Co.*, 52 P.R.R. 157, this court allowed $4,000 as damages for the death of the ancestor of the plaintiffs, and in *Hance* v. *R. Méndez & Hnos.*, 52 P.R.R. 324, we allowed $3,000 to a father for the death of his son. In *Carrio* v. *Compañía Insular de Trans-*

*porte, Inc.,* 49 P.R.R. 39, and in *Delgado* v. *Díaz,* 30 P.R.R. 115, no death was involved and yet $3,000 as damages was allowed in each case. Under the circumstances of the instant case, the sum of $3,000, which the defendants were adjudged to pay, is not, we think, excessive.

■ The fifth error assigned has reference to the imposition of costs. It reads as follows:

"It was error to tax the costs, disbursements and attorney's fees against the defendants, since the very judgment of the court fails to show any obstinacy on the part of the defendants in defending the action, for as against a claim for $10,000 the court allowed $3,000, although this sum is excessive."

The appellants maintain that there was no obstinacy in resisting a claim for $10,000, since the court only allowed $3,000. The law in force at the time this judgment was rendered left to the discretion of district courts the awarding of costs and attorney's fees. The appellants have failed to show that the judge below abused his discretion and, therefore, application may be made of the decision in *García* v. *Fernández, supra,* where we said:

"Moreover, the trial court has a discretionary power as to the award of costs, and since it has not been shown, so far as we have seen, that there was any abuse of such discretion, this court will not interfere with the exercise thereof. *Cautiño et al.* v. *Muñoz et al.,* 18 P.R.R. 849; *Blanco* v. *Hernández et al.,* 18 P.R.R. 686; *Santisteban, Chavarri & Co.* v. *Godoy,* 25 P.R.R. 570; *Morales* v. *Caraballo,* 27 P.R.R. 544; *Del Rosario et al.* v. *Rucabado et al.,* 23 P.R.R. 438."

For the foregoing reasons the judgment appealed from must be affirmed.